UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,                         REPORT AND
                                                        RECOMMENDATION

   -against-

                                                        15 CV 6762 (ARR)(RML)

THE REAL PROPERTY AND PREMISES
LOCATED AT 26421 RIVERROCK WAY,
SANTA CLARITA, CALIFORNIA 91350-3995,
AND ALL PROCEEDS TRACEABLE THERETO,
*et al.*,

                Defendants *In Rem*.
------------------------------------------------------------X

LEVY, United States Magistrate Judge:

       By order dated February 10, 2022, the Honorable Allyne R. Ross, United States District Judge, referred plaintiff's motion to strike to me for report and recommendation. For the reasons stated below, I respectfully recommend that plaintiff's motion be granted.

## BACKGROUND AND FACTS

       I assume familiarity with the underlying facts and proceedings in this matter. In February 2016, plaintiff United States of America ("plaintiff" or the "government") filed an amended verified complaint *in rem* (the "Amended Complaint") seeking forfeiture of the defendants *in rem* pursuant to 18 U.S.C. § 981(a)(1)(C). (See Amended Complaint, dated Feb. 25, 2016 ("Am. Compl"), Dkt. No. 3.) On February 29, 2016, an amended warrant *in rem* was issued. (Amended Warrant *In Rem*, dated Feb. 29, 2016, Dkt. No. 4.) On March 15, 2016, the government executed the warrant and seized the property. (See Seizure Warrant, dated Mar. 7, 2-16, Dkt. No. 8.) On May 9, 2016, claimant Dr. Ardeshir A. Irani ("Dr. Irani") filed a claim for twenty-nine of the comic books that were seized. (See Claim, dated Apr. 28, 2016, Dkt. No. 31.) Dr. Irani subsequently filed an amended verified claim and verified answer. (See Amended

Claim, dated May 12, 2016, Dkt. No. 40; Answer of Claimant Ardeshir A. Irani, dated Nov. 10, 2016, Dkt. No. 51.)

For a period of time, this civil forfeiture action was stayed pending the outcome of a criminal action in the Supreme Court of the State of New York County of Queens involving claimant Cyrus Irani. (See Orders, dated Apr. 29, 2016; Order, dated Apr. 27, 2017, Dkt. No. 60.) After the criminal action concluded and claimant Cyrus Irani fulfilled his sentence, the stay was continued in part to permit certain claimants, including Dr. Irani, to discuss settlement. (See Order, dated June 8, 2018.)

On October 3, 2018, counsel for Dr. Irani moved to withdraw because Dr. Irani had terminated representation. (See Motion to Withdraw, dated Oct. 3, 2018, Dkt. No. 70.) On March 6, 2019, I ordered Dr. Irani to advise the court by March 27, 2019 as to whether he intended to pursue his claims in this case and whether he had obtained new counsel. (See Order, dated Mar. 6, 2019.) To date, Dr. Irani has not provided this court with the requested information despite being served with a copy of the order by regular and electronic mail. (See Letter, dated Mar. 15, 2019, Dkt. No 76.)

The government attempted repeatedly to contact Dr. Irani regarding scheduled court conferences and discovery requests. (See Status Report, dated May 6, 2019, Dkt. No. 80; Minute Entry, dated May 7, 2019; Minute Entry, dated Aug. 15, 2019; Status Report, dated Oct. 10, 2019, Dkt. No. 90; Status Report, dated May 18, 2020, Dkt. No. 93; Status Report, dated Aug. 2021, Dkt. No. 98.) On November 12, 2021, the government filed a motion to compel Dr. Irani to respond to the government's discovery demands, specifically document requests and interrogatories. (Motion to Compel and Status Report, dated Nov. 12, 2021, Dkt. No. 99.) In response to the government's motion to compel, I ordered Dr. Irani to either comply with the

discovery requests or show cause why he should not be required to do so by December 9, 2021. (See Order, dated Nov. 17, 2021.) I also advised Dr. Irani that his failure to comply and refusal to participate in this litigation could result in the imposition of sanctions up to and including striking his verified claim and verified answer pursuant to Rule 37(b)(2)(A)(iii). (See id.) The government served the November 17, 2021 order on Dr. Irani by regular and electronic mail. (See Letter, dated Nov. 17, 2021, attached as Ex. N to the Declaration of Artemis Lekakis, Esq., dated Feb. 9, 2022 ("Lekakis Decl."), Dkt. No. 103-14.) To date, Dr. Irani has not responded to this court's order.

On February 9, 2022, the government moved to strike the claims and answer of Dr. Irani pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) for failure to comply with the court's March 6, 2019 and November 17, 2021 orders. (Motion to Strike, dated Feb. 9, 2022, Dkt. No. 101.) Judge Ross referred the motion to me for report and recommendation. (See Order, dated Feb. 10, 2022.) To date, Dr. Irani has not opposed or otherwise responded to the government's motion to strike.

## DISCUSSION

"'[A]ll litigants, including *pro ses*, have an obligation to comply with court orders[.]'" Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 302 (2d Cir. 2009) (quoting Minotti v. Lensink, 895 F.2d 100, 103 (2d Cir. 1990)). "Federal Rule of Civil Procedure 16 permits the imposition of sanctions—including those authorized by Rule 37(b)(2)(A)(ii)-(vii)—when a party fails to appear at a court-ordered conference or fails to comply with other pretrial orders." Wilmington Sav. Fund Soc'y, FSB v. White, No. 17 CV 02288, 2021 WL 7908045, at *1 (E.D.N.Y. Dec. 14, 2021) (citations omitted). Sanctions may include "striking pleadings in

whole or in part" or "dismissing the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A).

District courts have "broad discretion to impose sanctions under Rule 37(b)." Palaghita v. Alkor Capital Corp., No. 19 CV 1504, 2021 WL 4464121 at *4 (E.D.N.Y. Aug. 20, 2021), report and recommendation adopted, 2021 WL 4463483 (E.D.N.Y. Sept. 29, 2021). "However, use of the most severe sanctions should be limited to cases involving willfulness, bad faith, or fault on the part of the non-compliant party." Campos v. Quentin Mkt. Corp., No. 16 CV 05303, 2017 WL 9253412 at *2 (E.D.N.Y. Nov. 21, 2017) (collecting cases). "Striking a pleading or dismissing a case are severe penalties that should be used only in 'extreme situations.'" Id. (quoting Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 451 (2d Cir. 2013)).

The Second Circuit has identified four factors to consider when determining whether severe sanctions are appropriate: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." Agiwal, 555 F. 3d at 302 (internal quotation marks and citation omitted). "No single factor controls, and it is not an abuse of discretion for a district court to order a dispositive sanction even when not every factor weighs against the party to be sanctioned." Aristidou v. Aviation Port Servs., LLC, No. 18 CV 4040, 2020 WL 10317398 at *12 (E.D.N.Y. Feb. 21, 2020) report and recommendation adopted, 2021 WL 2471269 (E.D.N.Y. June 17, 2021). I will address each factor in turn.

4

1. Willfulness

"Courts in this District find a litigant's actions to be willful when there has been unexplained and repeated failure to respond to discovery requests, comply with court orders, and appear in a scheduled hearing." Liu v. Millenium Motors Sports, LLC, No. 17 CV 6438, 2020 WL 7028924, at *3 (E.D.N.Y. Nov. 5, 2020) (collecting cases), report and recommendation adopted, 2020 WL 7024378 (E.D.N.Y. Nov. 30, 2020). Here, since terminating his representation with attorney Michael Cornacchia in October 2018, Dr. Irani has disregarded court orders, failed to respond to discovery requests, and missed multiple conferences. Specifically, Dr. Irani failed to respond to this court's March 16, 2019 order directing him to provide information about his intent to pursue his claims and retain counsel; he refused to comply with this court's November 17, 2021 order directing him to respond to the government's discovery requests; and he has declined to appear at scheduled conferences on May 7, 2019, August 15, 2019, November 7, 2019, February 5, 2020, April 16, 2020, June 17, 2020, October 27, 2020, December 3, 2020, January 12, 2021, February 25, 2021, June 16, 2021, and June 15, 2021. Dr. Irani has not provided the court with any explanation for his failure to participate in this litigation; nor has he otherwise communicated with the court since October 2018. Accordingly, I find Dr. Irani's noncompliance to be willful. See, e.g., Victoriano Gonzalez v. Victoria G's Pizzeria LLC, No. 19 CV 6996, 2021 WL 6065744 at *3 (E.D.N.Y. Dec. 22, 2021) (finding willfulness where defendants refused to comply with discovery, declined to respond to court orders, and failed to appear at conferences), report and recommendation adopted sub nom., Gonzalez v. Victoria G's Pizzeria LLC, 2022 WL 842666 (E.D.N.Y. Mar. 22, 2022); Campos, 2017 WL 9253412, at *3 (same).

2. Efficacy of Lesser Sanctions

"[D]istrict courts are not required to exhaust possible lesser sanctions before imposing dismissal or default if such a sanction is appropriate on the overall record." S. New Eng. Tel. Co. v. Glob. NAPs Inc., 624 F.3d 123, 148 (2d Cir. 2010) (citing John B. Hull, Inc. v. Petrol. Prods., Inc., 845 F.2d 1172, 1176-77 (2d Cir. 1988). "Where defendants willfully abandon their defense of the case, case-ending sanctions are appropriate." Xin Hao Liu, 2020 WL 7028924, at *4 (citing Montblanc-Simplo GmbH v. Colibri Corp., 692 F. Supp. 2d 245, 253 (E.D.N.Y. 2010) (collecting cases).).

Based on the record, Dr. Irani has willfully abandoned his defense and his noncompliance is delaying the final resolution of this case. Further, Dr. Irani has already refused to comply with two court orders directing him to provide information about his participation in this litigation and to respond to the government's discovery requests. Therefore, there is little reason to think that lesser sanctions would be effective. See id. at *4 (finding that where defendants ignored court orders and discovery requests, and refused to advance the litigation, "lesser sanctions would not achieve compliance or have the necessary deterrent effect"); Microsoft Corp. v. Computer Care Ctr., Inc., No. 06 CV 1429, 2008 WL 4179653, at *6 (E.D.N.Y. Sept. 10, 2008) (noting that where defendants have willfully abandoned their defense of the case by failing to respond to discovery requests and court orders, "[l]ess harsh sanctions, such as compelling defendants to participate, have already proven fruitless"). Accordingly, I find that severe sanctions are appropriate.

3. Duration of Noncompliance

A period of noncompliance "'as brief as a few months [has] been held to weigh in favor of dispositive sanctions'" and a period of six months or more weighs "'even more heavily

6

towards such remedies.'" Vargas v. Jet Peru-Courier Corp., No. 15 CV 6859, 2018 WL 1545699, at *4 (E.D.N.Y. Mar. 14, 2018) (quoting Local Union No. 40 of the Int'l Ass'n of Bridge v. Car-Wi Const., 88 F. Supp. 3d 250, 265-66 (S.D.N.Y. 2015) (collecting cases)), report and recommendation adopted, 2018 WL 1545679 (E.D.N.Y. Mar. 28, 2018). Here, Dr. Irani has failed to comply with this court's March 6, 2019 and November 17, 2021 orders. His noncompliance, despite many requests and efforts to contact him, has persisted for a period of over three years. Thus, I find that the duration of Dr. Irani's noncompliance weighs heavily in favor of sanctions. See Campos, 2017 WL 9253412, at *3 (finding that harsh sanctions were the most effective way to move an action forward where defendants had delayed the case for almost six months).

4. Warning of Consequences

Before a court imposes sanctions, "a *pro se* defendant must receive 'adequate warning' or notice of the consequences for noncompliance." Palaghita, 2021 WL 4464121, at *7 (citation omitted); see also Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 452 (2d Cir. 2013) ("Our Rule 37 precedents hold that a court abuses its discretion if it dismisses a case without first warning a pro se party of the consequences of failing to comply . . . a court is similarly obliged to provide adequate notice of a default judgment as a sanction against a party proceeding pro se."). Dr. Irani received adequate warnings and notice of the consequences of noncompliance. This court's November 17, 2021 order stated: "Dr. Irani is advised that should he fail to comply, continue to refuse to participate in this litigation and/or continue to refuse to communicate with the government, the Court could impose sanctions up to and including striking Claimant Dr. Irani's verified claim and certified answer pursuant to 37(b)(2)(A)(iii)." (Order, dated Nov. 17, 2021). Additionally, the government avers that it advised Dr. Irani via

7

regular and electronic mail on August 20, 2021 of the consequences of failing to participate in this action and failing to respond to discovery. (See Lekakis Decl. ¶ 13, Ex. K-2.) These repeated warnings weigh in favor of sanctions. See Campos, 2017 WL 9253412, at *3 (holding that it was appropriate to strike an answer and enter default where defendants "willfully ignored a court order to retain new counsel and failed to appear at two conferences, despite repeated warnings from the Court that their failure to appear would result in an entry of default."); Agiwal, 555 F.3d at 302 (holding that sanctions were appropriate where the court issued the pro se defendant explicit warnings regarding the consequences of noncompliance with court orders).

In sum, all four factors weigh in favor of imposing severe sanctions. Dr. Irani has willfully refused to comply with court orders and discovery requests over a period of several years. I therefore respectfully recommend that the court strike Dr. Irani's verified claim, amended verified claim, and verified answer pursuant to Rule 37(b)(2)(A)(iii).

## CONCLUSION

For the reasons explained above, I respectfully recommend that the government's motion to strike be granted. The government is directed to serve a copy of this Report and Recommendation on claimant Dr. Irani.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with courtesy copies to Judge Ross and to my chambers, within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d).

Respectfully submitted,

       /s/
ROBERT M. LEVY
United States Magistrate Judge

Dated: Brooklyn, New York
      May 20, 2022